(82 Misc. Rep. 300.)

### HALL v. CITY OF OLEAN et al.

(Supreme Court, Special Term, Erie County. September 15, 1913.)

1. DEDICATION (§ 18*)—ACTS CONSTITUTING—DESCRIPTIONS IN CONVEYANCES.
    Where the deeds of plaintiff and his predecessors referred to and recognized the official map of a town, the dedication of the street in front of plaintiff's lot as shown on the map cannot be questioned, although the deeds of plaintiff and several of his predecessors described the tract as running to the street "as now opened and worked."
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 33–36; Dec. Dig. § 18.*]

2. DEDICATION (§ 35*)—ACCEPTANCE—ADOPTION OF OFFICIAL MAP.
    Where the act incorporating a village recognized a certain map as the official map thereof, and provided that the territory within certain lines, referring to the map in the description, should constitute the village, there was an acceptance of the dedication of the streets as shown on the map within the lines laid down, particularly as there were also numerous references to the map in the records of the town.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 68–71, 75, 76; Dec. Dig. § 35.*]

3. ADVERSE POSSESSION (§ 8*)—PROPERTY SUBJECT TO PRESCRIPTION—PROPERTY DEDICATED FOR HIGHWAY.
    Title to land included in a street which has been dedicated and accepted cannot be acquired by adverse possession as against the public.
    [Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 14, 27, 43–57; Dec. Dig. § 8.*]

4. MUNICIPAL CORPORATIONS (§ 657*)—STREETS—DISCONTINUANCE BY ABANDONMENT.
    It rests with the municipality to open up so much of a tract dedicated and accepted for a street as public necessity may, from time to time, require, and failure to work and use a part thereof does not constitute an abandonment of such part.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 844, 1429, 1496; Dec. Dig. § 657.*]

Action by Ira T. Hall against the City of Olean and another. On motion to have a temporary injunction previously issued against defendant made permanent. Denied, and temporary injunction vacated.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John K. Ward, of Ellicottville, for plaintiff.
Henry Donnelly, of Olean, for defendants.

BISSELL, J.   The plaintiff moves to have made permanent a temporary injunction which he secured in the above-entitled action restraining the defendant the city of Olean from an alleged unlawful taking of his property in a proceeding for straightening and improving Green street.   The plaintiff is the owner of a lot in the city of Olean which is described in his deed as follows:

"A part of block number one hundred and twenty-one, according to a map of the village of Olean made by T. J. Gosseline, Esq., bounded as follows: Commencing at a point one hundred and thirty-six feet west from a point in the west line of Fourth street eleven rods south of Irving street * * * thence south to Green street *as now opened and worked*, being about 193.96 feet; thence east along Green street as now opened thirty-six feet; thence north parallel to the west line of Fourth street to the north line of said premises * * * thence west on said line thirty-six feet to place of beginning."

It may be gathered from this description that the tract is a narrow strip of land lying parallel to Fourth and Fifth streets about midway between them and abutting on Green street.   This whole block, including the plaintiff's property, creates a "jog" on Green street, which does not exist on the T. J. Gosseline map of the city.   The city authorities in straightening Green street must necessarily cut back a part of the plaintiff's lot included in the "jog," and the carrying out of this plan constitutes the alleged unlawful taking of the plaintiff's property now sought to be restrained.

The plaintiff holds, through mesne conveyances from one Samuel A. Brown.   The deed from Samuel A. Brown to his grantee describes the premises as above, "to Green street as now opened and worked."   Each deed in turn employs the same words down to and including that of the plaintiff.   Samuel A. Brown acquired the property by quitclaim deed from Louisa B. Howard and others.   This deed reads simply "to Green street."   It is clear, therefore, that Samuel A. Brown attempted to convey a strip of land lying along Green street contiguous to but not a part of the tract described in his grantor's deed.   It may be further stated that the deeds of the plaintiff and of all of his predecessors were given in recognition of and in accordance with the T. J. Gosseline map.

[1] The claims of the plaintiff are based therefore on adverse possession.   It is urged that the strip of land in controversy was never dedicated, or, if it were dedicated, that it was never accepted by the proper authorities by express act or by user; that meanwhile the rights of the plaintiff have become vested and ought not now to be disturbed. We do not think the facts sustain this position.   It is conceded that Green street between Fourth street and Fifth street has been opened to and used and worked by the public for over 50 years, though the particular plat in question has never been so used.   Whether constructive user of the whole may be founded on these facts we do not undertake to determine, as our view of the case makes it unnecessary. Further, it is not disputed that the Gosseline map is the official map of the city, and has been on file in the Cattaraugus county clerk's of-

fice since 1836. All of the deeds of the plaintiff's predecessors in title recognized this map. Such facts would be sufficient to dispose of any question that might be raised on the ground of dedication. Elliott on Roads and Streets (3d Ed.) § 128. We do not understand, however, that the learned counsel for plaintiff seriously contests this point, but relies chiefly on the proposition that there has been a failure of acceptance.

[2] In the act of incorporation of the village of Olean the Gosseline map was the official map and recognized as such. This act (Laws of 1858, chapter 70) refers to it in the following words:

"The territory within the following limits in the town of Olean, Cattaraugus county, New York, shall constitute the village of Olean * * * beginning at the north bank of the Alleghany river, at the south end of Fifteenth street, as described on a map of the village of Olean made by T. J. Gosseline, Esq."

This was a clear acceptance of all the land described in the Gosseline map within the lines laid down, and including, of course, the property now claimed by the plaintiff on Green street between Fourth and Fifth streets. This same map receives further recognition in subsequent amendatory acts of the Legislature. If additional evidence of acceptance were necessary, it may be found in the affidavits offered by the defendant, showing numerous references to the Gosseline map in the official records of the village and city of Olean. We are therefore of the opinion that the land indicated on the Gosseline map between Fourth and Fifth streets was dedicated to and duly accepted by the public. Elliott on Roads and Streets (3d Ed.) § 168; City of Buffalo v. D., L. & W. R. Co. (Sup.) 39 N. Y. Supp. 4.

[3, 4] This being so, no rights, by adverse possession or otherwise, were acquired by the plaintiff or his predecessors in title which were good as against the public. The fact that the municipality has hitherto opened and worked only a part of the land dedicated is of no consequence. The tract having been dedicated and accepted, it rested with the defendant to open up, from time to time, as much as seemed necessary for the use and enjoyment of the public. Such a course did not constitute abandonment of the part not actually used heretofore.

The injunction must therefore be vacated. Let an order be entered denying the motion for a permanent injunction, and vacating and setting aside the temporary injunction, with $10 costs of this motion to be paid by the plaintiff.